IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LORENE UMTUCH,

        Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

        Defendant.

Case No. 3:15-cv-00390-AA

OPINION AND ORDER

---

George J. Wall
1336 E. Burnside Street, Suite 130
Portland, OR 97214
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Sarah Moum
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

Aiken, Judge:

Plaintiff Lorene Umtuch brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's application for Title XVI supplemental security income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On April 7, 2011, plaintiff applied for SSI. Tr. 189-94. The application was denied initially and on reconsideration. Tr. 122, 131. On April 23, 2013, an administrative law judge (ALJ) conducted a hearing, wherein plaintiff was represented by counsel and testified, as did a vocational expert (VE). Tr. 38-91. On May 31, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 23-32. Thereafter, plaintiff submitted new evidence to the Appeals Council and such evidence became part of the administrative record. Tr. 6-7, 1016-1558. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

Born June 26, 1963, plaintiff was forty-seven years old on the date her application was filed and forty-nine years old on the date of the ALJ's decision. Tr. 46. She completed high school and earned thirty-eight college credits. Tr. 52. She has no past relevant work experience. Tr. 31, 84. Plaintiff alleges disability as of June 9, 2001, due to end stage renal disease, posttraumatic stress

disorder, depression, borderline diabetes, borderline high blood pressure, hepatitis C, and tymnoplasty. Tr. 187, 213.

## STANDARD OF REVIEW

This Court must affirm if the Commissioner's decision is based on proper legal standards and findings supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## THE COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found plaintiff had not engaged "in substantial gainful activity since April 7, 2011, the application date." Tr. 25; 20 C.F.R. § 416.920(b).

At step two, the ALJ determined plaintiff's "anxiety disorder, hepatitis C, and substance

3 - OPINION AND ORDER

addiction disorder" were "medically severe impairment or combination of impairments" and resulted in significant work-related functional limitations. Tr. 25; 20 C.F.R. § 416.920(c). At step three, the ALJ found plaintiff's impairments, singly and in combination, did not meet or equal the requirements of "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 26; 20 C.F.R. § 416.920(d).

The ALJ then evaluated how plaintiff's impairments affected her ability to work. The ALJ found that plaintiff possessed the residual functional capacity (RFC) to perform medium work, with the additional limitation that she have only "rare (10% or less) interactions with groups of ten people or more." Tr. 27. At step four, the ALJ determined that plaintiff had no "past relevant work." Tr. 31; 20 C.F.R. § 416.920(e). The ALJ then proceeded to step five.

At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 416.920(f). Based on the VE's testimony and considering plaintiff's age, work experience, and RFC, the ALJ found plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 32. Accordingly, the ALJ concluded plaintiff was not disabled under the Act.

## DISCUSSION

Plaintiff contends the Commissioner erred by: 1) failing to find several of plaintiff's impairments severe at step two; and 2) improperly rejecting the opinion of a treating psychiatrist.

### I. The ALJ's Step Two Decision

At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Yuckert*, 482 U.S. at 140-41. Under SSA regulations, "an impairment

4 - OPINION AND ORDER

is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 C.F.R. § 416.921(a); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.") (internal quotation marks and citations omitted). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290 and S.S.R. 85-28). Importantly, an impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 C.F.R. § 416.908.

### A. Chronic Open Lesion of the Right Lower Extremity

Plaintiff contends that her chronic leg lesions should have been found severe at step two.

In February 2011, plaintiff developed an infection in her right leg and was hospitalized with cellulitis. Tr. 1292. On April 13, 2011, a skin graft was performed on the site. Tr. 1254. On July 8, 2011, plaintiff was seen in the emergency room with two sores on the graft, and on July 20, 2011, plaintiff was admitted to the hospital and given intravenous antibiotics for an infection. Tr. 1223-28, 1239. On August 30, 2011, plaintiff again was hospitalized for an infected right calf skin graft, with debridement and irrigation required for multiple ulcerations. Tr. 1189, 1196. On October 14, 2011, plaintiff was diagnosed with a chronic non-healing ulcer and received follow-up care. Tr. 1182. In February 2012, plaintiff's treating physician diagnosed "cellulitis in right lower extremity, chronic lower extremity ulceration that was recently resolved . . . Now it is open again with suspected

5 - OPINION AND ORDER

cellulitis and possible underlying abscess." Tr. 1066. In June 2012, plaintiff requested a referral to wound care because of persistent leg pain. Tr. 1050.

The ALJ noted the medical evidence of right lower extremity infections resulting in abscesses, drainage procedures, and a skin graft. Nonetheless, the ALJ found the condition not severe because it had not caused significant limitation, and plaintiff's treatment for the abscesses did not last beyond 2011. Tr. 26.

The Commissioner argues that the record indicates no work-related limitations caused by plaintiff's lesions, though the Commissioner concedes that plaintiff reported pain and difficulty walking when she has infections of the wound. Tr. 1026. The Commissioner maintains that plaintiff's infections, distinct from her lesions, have not lasted and cannot be expected to last for a continuous period of twelve months.

Even if plaintiff's leg condition should have been deemed a severe impairment at step two, any error was harmless because plaintiff alleged no functional limitations resulting from this condition. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Notably, plaintiff completed an Adult Function Report on July 6, 2011, less than three months after her April 13 skin graft. Tr. 225-32. Plaintiff did not endorse any limitations arising from her chronic leg wound and stated that she could walk for ten blocks before needing to rest. Tr. 230. Moreover, during the April 2013 administrative hearing, plaintiff did not mention a chronic leg wound when asked whether she had any physical limitations. Tr. 79-81. To the contrary, plaintiff testified that she walked from her home to the MAX line, a distance of twenty blocks, in ten minutes. Tr. 52.

Given plaintiff's statements and testimony, the ALJ did not err by failing to find chronic lower extremity lesions to be a severe impairment at step two.

6 - OPINION AND ORDER

### B. Chronic Nausea, Anemia, and GERD

Plaintiff has complained of nausea and vomiting, and has a history of microcytic anemia. Tr. 1178. On February 27, 2012, Matthew Smith, M.D., diagnosed GERD, and advised lifestyle modifications including avoiding spicy food and weight loss. Tr. 677. In April 2013, Dr. Page noted a gastrointestinal work up showed "only gastritis." Tr. 1037. In August 2012, Dr. Smith found no cause for plaintiff's anemia. Tr. 1178. In September 2012, Klaus Holmig, M.D., found plaintiff had "mild microcytic anemia with normal iron levels," and advised plaintiff to continue oral iron supplements. Tr. 1554.

Plaintiff testified that her medication for nausea works. Tr. 68. Further, plaintiff's reports regarding nausea and dizziness have varied. Tr. 315, 466, 501, 506, 602, 1156. Regardless, plaintiff has not identified any specific functional limitations arising from nausea, GERD, or anemia.

Thus, the ALJ's determination that nausea, GERD, and anemia are not severe impairments at step two is supported by substantial evidence.

### C. Tympanoplasty

Plaintiff testified that she was born without a left ear drum and that a "false" eardrum was surgically implanted in her ear. Tr. 71. She testified that she has scar tissue in her ear, has trouble hearing, and reads lips a lot. Tr. 72. Medical evidence indicates that plaintiff has "decreased hearing" in her left ear. Tr. 1151. In April 2013, she was seen in the emergency room for an ear infection and prescribed eardrops. Tr. 1166-67.

The ALJ found plaintiff's complaints less than fully credible, in part based on inconsistent statements about her medical conditions, and plaintiff does not challenge that finding. Tr. 29. None of plaintiff's multiple medical providers noted any difficulty communicating with plaintiff, and the

7 - OPINION AND ORDER

record includes reports of "normal hearing," and "no hearing loss." Tr. 298, 305. On this record, the ALJ did not error by failing to find hearing loss as a severe impairment at step two.

## II. Physician Opinion

Plaintiff also argues that remand is required to consider the opinion of Patricia Gardner, M.D., a treating psychiatrist.

Dr. Gardner has been plaintiff's treating psychiatrist at Cascadia Behavioral Healthcare since May 2013. Tr. 1558. On December 8, 2014, Dr. Gardner wrote a letter stating that she had met plaintiff on six occasions, all for walk-in appointments at Cascadia offices located in plaintiff's apartment building. Dr. Gardner stated that plaintiff failed to keep eleven scheduled appointments, despite the fact that plaintiff wants the services and those services are located in plaintiff's apartment building. In particular, plaintiff failed to appear on December 4, 2014, for an appointment to allow Dr. Gardner to assess her Residual Functional Capacity. Dr. Gardner concludes: "Based on [plaintiff's] history of failing to keep appointments even though they are for services she does want, and conveniently located in her apartment building, it is my impression that Ms. Umtuch lacks capacity to adhere to timeliness and reliability standards that would be required in competitive, supported or even volunteer employment." Tr. 1558.

Dr. Gardner's letter was not in the record at the time of the ALJ's decision. The Appeals Council considered the letter, as well as other evidence, and found it did "not provide a basis for granting review under the weight of the evidence standard (20 CFR 416.1470)." Tr. 2. As the letter is part of the record, the court may consider Dr. Gardner's opinion to determine whether, in light of the record as a whole, the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

Notably, while Dr. Gardner states that plaintiff cannot adhere to timeliness and reliability standards, Dr. Gardner did not opine that plaintiff's incapability is due to a diagnosed mental limitation or other disability. Tr. 1558. Further, plaintiff cites no treatment records or notes to support Dr. Gardner's letter. Therefore, Dr. Gardner's letter does not place in question the ALJ's ultimate finding that plaintiff is not disabled, and it does not raise outstanding questions to warrant remand for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178-80 (9th Cir. 2000).

## CONCLUSION

The ALJ's finding that plaintiff is not disabled is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 21 day of March, 2016.

                                                Ann Aiken
                                      United States District Judge